**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MIDWEST EXPRESS ACQUISITION ) <br> COMPANY, SCORPION LOGISTICS, INC., ) <br> PROGRESSIVE COMMERCIAL, RYSZARD ) <br> DOWHAN, and ZOFIA DOWHAN, ) <br> ) <br> Defendants. ) | Court No. |

## ACUITY, A MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, ACUITY, A MUTUAL INSURANCE COMPANY ("ACUITY"), by and through its attorneys, ORLEANS CANTY NOVY, LLC, and as and for its Complaint for Declaratory Judgment against Defendants, MIDWEST EXPRESS ACQUISITION COMPANY ("MIDWEST"), SCORPION LOGISTICS, INC. ("SCORPION"), PROGRESSIVE COMMERCIAL ("PROGRESSIVE"), RYSZARD DOWHAN ("RYSZARD"), and ZOFIA DOWHAN, ("ZOFIA"), states as follows:

### INTRODUCTION

1. This Declaratory Judgment Complaint is brought pursuant to Federal Rules of Civil Procedure 57 and 28 U.S. Code § 2201 and involves the respective rights and duties between ACUITY and the Defendants arising out of a motor vehicle incident that occurred on October 6, 2020, on Route 20 in Roselle County, Illinois, resulting in certain bodily injuries and damages to claimants, RYSZARD and ZOFIA.

1

2. The underlying incident and claims give rise to an actual controversy concerning the rights and duties under policies of insurance issued by ACUITY to Defendant, MIDWEST, policy #Z20422, and a policy of insurance issued by PROGRESSIVE to SCORPION, policy #08162029-2, more fully described below. True and correct copies of the ACUITY policy and PROGRESSIVE policy are attached hereto as Exhibits "A" and "B, " respectively.

3. On June 23, 2021, the underlying claimants, ROZARD and ZOFIA, through their counsel, directed correspondence to Defendant, ACUITY, demanding insurance information from ACUITY, and further, claiming that such insurance proceeds may be applicable to the incident. A true and correct copy of the claimants' correspondence is attached hereto as Exhibit "C."

4. In this Declaratory Judgment action, ACUITY seeks declaration and judgment that its policy of insurance issued to MIDWEST does not afford coverage to SCORPION and is not exposed relative to the claims of RYSZARD and ZOFIA on any basis, primary or excess, because SCORPION was operating pursuant to its federal motor carrier authority at the time of the motor vehicle collision, SCORPION and its driver are not insureds under the ACUITY policy, and because the "MCS-90" Endorsement attached to the ACUITY policy does not apply to the Claimants' claims for injuries and damages.

5. Further, ACUITY seeks declaration and judgment that PROGRESSIVE has the sole duty and responsibility to defend and indemnify against the underlying claims for injuries and damages of the claimants, RYSZARD and ZOFIA arising from the underlying incident.

## THE PARTIES

6. At all relevant times, ACUITY, was a mutual insurance company incorporated in the State of Wisconsin, with its principal place of business in Sheboygan, Wisconsin, that issued

a Commercial Automobile Coverage liability policy to MIDWEST. As such, ACUITY is citizen of the State of Wisconsin.

7. MIDWEST is a federally licensed motor carrier engaged in the transportation business, and is incorporated in the State of Iowa. As such, MIDWEST is a citizen of the State of Iowa and is named herein as a necessary and interested party.

8. At all times relevant, PROGRESSIVE, was an insurance company incorporated in the State of Ohio, with its principal place of business in Ohio that issued a Commercial Automobile liability policy to SCORPION. As such, PROGRESSIVE is a citizen of the State of Ohio.

9. Upon information and belief, and at all relevant times, SCORPION was, and is, a federally licensed motor carrier engaged in the business of transporting freight via tractor-trailer, incorporated in the State of Illinois and is a citizen of the State of Illinois. SCORPION is named as a necessary and interested party.

10. Upon information and belief, and at all relevant times, RYSZARD and ZOFIA were residents of Addison, Illinois, and are therefore Illinois citizens. RYSZARD and ZOFIA are named herein as necessary and interested parties.

## JURISDICTION/VENUE

11. 28 U.S.C. § 1332 provides that:

    (a) The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

    (1) citizens of different states;

    (2) citizens of a State and citizens or subjects of a foreign state . . .

12. Diversity of citizenship exists between the Plaintiff and Defendants because ACUITY is a citizen of the State of Wisconsin and none of the Defendants are citizens of the State of Wisconsin.

13. The Claimants' claims for injury and damages and insurance proceeds alleged to be applicable to the underlying claims exceed $75,000, exclusive of interest and costs, and therefore, the matter in controversy exceeds the jurisdictional limit.

14. 28 U.S. Code § 1391 provides in part:

(b) Venue in General. - A civil action may be brought in: (2) a judicial district in which a substantial part of events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

15. Venue is appropriate in this federal district court as the underlying motor vehicle incident giving rise to this insurance claim and controversy occurred within the Northern District of Illinois.

## POLICIES OF INSURANCE

16. ACUITY issued a Commercial Auto Liability Policy, policy number Z20422, effective May 12, 2020 to May 12, 2021, with a limit of $1 million each occurrence. The ACUITY policy also contains the federally mandated "MCS-90" Endorsement, which provides protection against public liability up to $750,000 for final judgments against the insured.

17. In pertinent part, the ACUITY policy provides:

**MOTOR CARRIER ENDORCEMENT**
This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

For any operations you engage in as a motor carrier, the policy is changed as follows:

1. Who Is An Insured under Covered Autos Liability Coverage is replaced by the following:
   **1. Who Is An Insured**

   The following are insureds:

   a. You for any covered auto.
   b. Anyone else while using with your permission a covered auto you own, hire or borrow except:
   c. The owner or anyone else from whom you hire or borrow a covered auto that is a trailer while the trailer is connected to another covered auto that is a power unit, or, if not connected, is being used exclusively in your business.

   However, none of the following is an insured:

   a. Any motor carrier for hire or his or her agents or employees, other than you and your employees:

      (1) If the motor carrier is subject to motor carrier insurance requirements and meets them by a means other than auto liability insurance.
      (2) If the motor carrier is not insured for hired auto under an auto liability insurance form that insures on a primary basis the owners of the auto and their agents and employees while the autos are leased to that motor carrier and used in his or her business.

\*\*

3. The Other Insurance Condition is replaced by the following:

   5. Other Insurance-Primary And Excess Insurance Provisions
      a. While any covered auto is hired or borrowed from you by another motor carrier, this Coverage Form's Covered Autos Liability Coverage is:

         (1) Primary if a written agreement between you as the lessor and the other motor carrier as the lessee requires you to hold the lessee harmless.
         (2) Excess over any other collectible insurance if a written agreement between you as the lessor and the other motor carrier as the lessee does not require you to hold the lessee harmless.

      c. While a covered auto which is a trailer is connected to a power unit, this Coverage Form's Liability Coverage is:

         (1) Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered auto.
         (2) Excess if the power unit is not a covered auto.

      h. When this Coverage Form and any other Coverage Form or policy cover on the same basis either excess, or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

***

## COMMERCIAL EXCESS LIABILITY COVERAGE FORM

### SECTION I – COVERAGES

**1. Insuring Agreement**

a. We will pay those sums, in excess of the amount payable under the terms of any underlying insurance, that the insured becomes legally obligated to pay as damages because of injury or damage to which this insurance applies, provided that the underlying insurance also applies, or would apply but for the exhaustion of its applicable Limits of Insurance.

d. This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the underlying insurance, except:

      (1) We have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and
      (2) With respect to any provisions to the contrary contained in this insurance.

**2. Exclusions**
The exclusions that apply to the underlying insurance apply to this insurance. Also, this insurance does not apply to damages because of:

\*\*

c. Any duty to reimburse an insurer as provided by the terms of the Endorsement For Motor Carrier Policies of Insurance For Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 or under the terms of any similar endorsement required by Federal or state statute.

d. Any duty payable only because of the attachment of the Endorsement For Motor Carrier Policies of Insurance For Public Liability or any similar endorsement required by Federal or state statute.

**4. Coverage Extension**

a. The terms of this policy are extended as follows:

b. We will only pay for damages up to the limits of insurance.

## SECTION II - LIMIT OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below define the most we will pay under the terms of this insurance regardless of the number of:

    a. Insureds:
    b. Claims made or suits brought;
    c. Persons or organizations making claims or bringing suits.

\*\*

## 5. Other Insurance

This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent or any other basis, except other insurance written specifically to be excess over this insurance.

18. PROGRESSIVE issued a Commercial Auto Coverage Form to SCORPION, policy #08162029-2, with effective dates of September 15, 2020 to September 15, 2021, with a combined single liability limit of $750,000 per occurrence.

19. Further, the PROGRESSIVE policy contains the federally mandated "MCS-90" Endorsement, which provides protection against public liability up to $750,000 for final judgments against its insured.

20. In pertinent part, the PROGRESSIVE policy provides:

## GENERAL DEFINITIONS

    5. "Insured auto" or "your insured auto" means:
        a. Any auto specially described on the declarations page.

\*\*\*

## PART I - LIABILITY TO OTHERS

### INSURING AGREEMENT - LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally

7

responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto.**

\*\*\*

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

\*\*

## ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in Part I - Liability To Others, **insured** means:

1. **You** with respect to an **insured auto.**
2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:

   \*\*

   c. The owner or anyone else from whom the insured auto is leased, hired or borrowed unless the insured auto is a trailer connected to a power unit that is an insured auto However, this exception does not apply if the insured auto is specifically described on the declarations page.

   For purposes of this subsection A.2., an insured auto you own includes any auto specifically described on the declarations page.

## GENERAL PROVISIONS

### 3. Other Insurance

a. For any insured auto that is specifically described on the declarations page, this policy provides primary coverage. For an insured auto which is not specifically described on the declarations page, coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, if the insured auto which is specifically described on the declarations page is a trailer, this policy will be primary only if the trailer is attached to an insured auto that is a power unit you own and is specifically described on the declarations page, and excess in all other circumstances.

b. If coverage under more than one policy applies on the same basis, either excess or primary, we will pay only our proportionate share. Our proportionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

## THE ACUITY POLICY DOES NOT AFFORD COVERAGE RELATIVE TO THE CLAIMANTS' CLAIMS

21. The ACUITY policy does not afford coverage to the claims for injuries and damages arising from the subject incident made by RYSZARD and ZOFIA because this incident occurred when a tractor-trailer was being driven under the motor carrier authority of SCORPION and because SCORPION does not qualify as an insured under the Acuity policy.

22. That further, the "MCS-90" Endorsement attached to the ACUITY policy is a bond to protect the public against final judgments against an ACUITY insured, and therefore, the MCS-90 does not provide coverage, or impose any obligations on the part of ACUITY, including any duty to defend or indemnify against the Claimants' claims arising from the underlying incident.

## THE PROGRESSIVE POLICY AFFORDS COVERAGE

23. PROGRESSIVE provides the sole coverage, including the duty to a defendant to indemnify against the Claimants' claims against SCORPION arising from the underlying motor vehicle incident, and PROGRESSIVE does not have any right to contribution and/or indemnity from ACUITY pursuant to the terms and conditions of its policy.

24. An actual controversy exists between ACUITY and the Defendants in connection with the subject motor vehicle incident and the claim asserted by ZOFIA and RYSZARD.

25. Under the provisions of Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201, this Court is vested with the authority to declare and adjudicate the rights and liabilities of the parties hereto, and to order such other relief as it deems necessary and proper.

WHEREFORE, Plaintiff, ACUITY, respectfully requests that this Honorable Court enter a declaratory judgment in its favor, finding and declaring that:

    a. ACUITY, A MUTUAL INSURANCE COMPANY does not afford coverage, including any duty to investigate, defend and indemnify, SCORPION in connection

9

with any claims for injuries and damages arriving from the subject October 6, 2020, motor vehicle incident;

b. ACUITY, A MUTUAL INSURANCE COMPANY does not have any rights, duties, or other responsibilities to pay any monies in response to the claims of RYSZARD and ZOFIA against SCORPION arising from the subject October 6, 2020, motor vehicle incident under its "MCS-90" Endorsement attached to the Acuity policy;

c. PROGRESSIVE affords coverage on a primary basis for the claims made by the claimants, RYSZARD and ZOFIA against SCORPION arising from the October 6, 2020, motor vehicle incident, and is without any rights to contribution nor indemnity from Acuity.

d. ACUITY, A MUTUAL INSURANCE COMPANY seeks and award of any other relief deemed just and proper under the circumstances that the Court deems just and equitable.

Respectfully submitted,

ACUITY, A MUTUAL INSURANCE COMPANY, Plaintiff

*/s/ Jason Orleans*

By: _____

One of Its Attorneys

Jason Orleans (ARDC #6258048)
jorleans@ocnlaw.com
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60085
Telephone: (847) 625-8200
Facsimile: (847) 625-8262